(8 Misc. Rep. 308.)

GREENWICH WAREHOUSE CO. v. MAXFIELD.

(Common Pleas of New York City and County, General Term.   May 17, 1894.)

COUNTERCLAIM—BREACH OF CONTRACT.
   In an action for storage charges, defendant may counterclaim for damages to the goods, caused by improper storage.

Appeal from, first district court.

Action by Greenwich Warehouse Company against Charles E. Maxfield to recover storage charges. There was a judgment in favor of defendant on a counterclaim, and plaintiff appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Sullivan & Cromwell, for appellant.

Abner C. Thomas, for respondent.

BOOKSTAVER, J.   This action was brought by plaintiff to recover $219.05 storage charges for storing defendant's fruit, consisting of mandarins and tangerines. Defendant counterclaimed, alleging that the fruit was damaged, and rendered worthless, by being improperly stored, and judgment was given in his favor for $260. damages and costs. The return does not show that any exceptions were taken by either party upon the trial of this action. But appellant contends that, notwithstanding this, the judgment should be reversed on two grounds: First, that the evidence shows that the defendant knew the temperature at which the room in the storehouse where his goods were placed was kept, and that they were placed there with his knowledge and consent, and that the plaintiffs were not liable for any damages resulting from the freezing; also that it was a very cold day when the fruit was brought to the storehouse,

and that it received the injury complained of during transit from the steamer to the storehouse. The testimony on behalf of the defendant, however, we think clearly warranted the justice in finding, as he did, that the fruit was to be taken and stored at a temperature ranging from 35 to 40, and, by failing to do this, but placing it in a temperature which caused the fruit to freeze, and thus ruining it, the appellant failed to perform its contract, and consequently failed to earn any storage whatever. On the other hand, if the appellant failed to keep its contract with the respondent of safely storing and keeping the fruit, it would be liable to respondent for the damages which the latter sustained by reason of that breach, and consequently the court below had the right to render judgment in favor of the respondent for the amount of that damage up to the extent of his jurisdiction. The judgment should therefore be affirmed, with costs. All concur.